THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER BATALIAS, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 23, 1968, convicting him of grand larceny in the second degree and other crimes, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. On February 11, 1965, defendant appeared before the Grand Jury under a general waiver of immunity after having been previously indicted for transactions which were the subject matter of his subsequent testimony. It is conceded that neither he nor his

attorney had been informed that he had been indicted. At the hearing held to determine whether the Grand Jury testimony was admissible at the trial, there was a conflict of evidence as to whether defendant had appeared before the Grand Jury at his own request or under the compulsion of subpoena. Prior to examining him before the Grand Jury, the District Attorney stated the following: "In case this grand jury has indicted you, everything that you say here may be used against you in the prosecution of such indictment. Do you realize that?" In our opinion, elementary fairness requires that the District Attorney disclose the fact of indictment to anyone appearing before a Grand Jury who has already been indicted. Failure to make such disclosure deprives the one indicted of an intelligent choice between claiming or waiving his right to counsel. If advised by the District Attorney that he had been indicted, defendant may well not have testified. We do not think that the guarded statement of the District Attorney was enough to enable defendant to make a rational decision on whether to waive his right to counsel. There must be an awareness of all the consequences flowing from the testimony before a waiver may be intelligently made (cf. *Miranda* v. *Arizona,* 384 U. S. 436, 469). Before a defendant's post-indictment Grand Jury testimony may be admitted at his trial, there must be a showing that he was informed of the indictment prior to testifying. There was no such showing in this case. The Grand Jury testimony should not have been admitted at the trial. This holding is not affected by the circumstances surrounding defendant's appearance before the Grand Jury. The rationale for holding that he did not intelligently waive his right to counsel mandates a holding that his appearance was not voluntary, even though it may have been upon his own initiative. Rabin, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.